UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:05CR294 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| MARK ALSTON, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Mark Alston's motion for imposition of a reduced sentence under the First Step Act. Doc. 40 . Upon review, the motion for a sentence reduction (Docs. 40) is DENIED.[1]

On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (the "First Step Act") was signed into law. The First Step Act "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism." *United States v. Simmons*, 375 F.Supp. 3d 379, 385, No. 07-CR-00874, 2019 WL 1760840, at *4 (E.D.N.Y. Apr. 22, 2019). In Section 404 of the First Step Act, Congress made the Fair Sentencing Act's statutory changes for crack cocaine offenses retroactive to defendants who were sentenced before August 3, 2010. First Step Act of 2018, Pub. L. No. 115-319, § 404, 132 Stat. 5194 (2018). Accordingly, defendants who were convicted before August 3, 2010 of a crack cocaine offense for which the Fair Sentencing Act reduced their statutory penalties are now eligible for consideration of a reduced sentence. First Step Act of 2018, Pub. L. No. 115-319, § 404(a), (b), 132 Stat. 5194 (2018). Whether to reduce the sentence of an eligible defendant, however, is left to

---

[1] Alston's pro se supplemental motion for a sentence reduction (Doc. 43) is similarly DENIED.

the sentencing court's discretion. *Id*. at § 404(c). No reduction is required. ("Courts retain discretion to deny motions of otherwise eligible offenders, and the First Step Act does not 'require a court to reduce any sentence.'" *United States v. Mason*, No. 2:04-CR-00209-RHW-1, 2019 WL 2396568, at *2 (E.D. Wash. June 6, 2019) (quoting First Step Act, § 404(c)). Instead, "[t]he First Step Act now permits the Court to exercise the full range of its discretion consistent with the Section 3553(a) factors." *United States v. Bean*, No. 1:09-CR-143, 2019 WL 2537435, at *6 (W.D. Mich. June 20, 2019).

Upon review of the § 3553(a) factors, the Court declines to exercise its discretion and reduce Alston's sentence. Initially, the parties agree that Alston's advisory guideline range would now be 188-235 months, down from the 262-327 range that applied at his original sentencing. While Alston's range may have been lowered, his history and characteristics reveal that the Court's 262-month sentence remains appropriate.

Alston's history reflects a life-long inability to obey the law. He first became involved with the legal system at the age of *nine*, charged with aggravated menacing and assault. Before reaching the age of 18, Alston had the following additional convictions/adjudications: petty theft (age 9), assault (10), breaking and entering and grand theft (10), grand theft again (11), receiving stolen property and criminal damaging (11), receiving stolen property again (11), assault (11), criminal damaging and disorderly conduct (11), obstructing official business (13), aggravated trespassing, felonious assault with a deadly weapon, and resisting arrest (13), disorderly conduct (15), domestic violence twice (15), aggravated menacing (15), assault (15), burglary (15), grand theft auto (16), and escape (17). At 18, Alston was convicted of possession of drugs, driving

under suspension, criminal damaging, robbery with a gun specification, DUI, and obstructing official business.   At 20, he was convicted of resisting arrest, disorderly conduct, driving under suspension, and trespassing.   He continued at 21 with obstructing official business, trespassing, driving under suspension, inducing panic, obstructing official business again, drug paraphernalia, aggravated robbery with a firearm, murder, having weapons under disability, tampering with evidence, and felonious assault.

For the latter offenses, he is serving 24 years to life in state prison.   He will not be eligible for parole until 2029 in the state system.   During a hearing before this Court, Alston also conceded that he has continued to have issues with authority while incarcerated.   Alston's in-custody history lists more than 30 rules infractions from 2006 to 2018.   Moreover, Alston admitted that as recently as February of 2021, he had a physical altercation with a corrections officer that resulted in his transfer to a different facility.

Alston's continued inability to comply with the law, even while incarcerated, compels the Court to decline to utilize its discretion to reduce his sentence.   Alston was and remains a danger to the community and his time in custody has not altered the Court's view but instead has only confirmed it.

Accordingly, Alston's motion to reduce his sentence is DENIED.

IT IS SO ORDERED.

 April 12, 2022               /s/John R. Adams
Date                          JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE

3